IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

APR 2 0 2011

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| STEPHEN M. HARRIS | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | Civil Action No. **H-11-1521** |
| | § | |
| DR. ALEXANDER GILBERT BARAONA, | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, STEPHEN M. HARRIS (hereinafter sometimes referred to as "Plaintiff"), complaining of DR. ALEXANDER GILBERT BARAONA (hereinafter sometimes referred to as "Defendant"), and files this his Original Complaint, and would show the Court and Jury as follows:

## I.
### THE PARTIES

1.    Plaintiff STEPHEN M. HARRIS is a resident of Houston, Harris County, Texas.

2.    Defendant DR. ALEXANDER GILBERT BARAONA, is an individual who resides in Mountain House, California.

In connection with the commercial transactions which are described in detail in this Original Complaint, DR. ALEXANDER GILBERT BARAONA entered into oral and/or written contracts with the Plaintiff, STEPHEN M. HARRIS, as well as other individuals and business entities in connection with the business transactions made the basis of this suit. In written agreements entitled "Master Fee & Protection Agreements," the Plaintiff STEPHEN M. HARRIS and the Defendant DR. ALEXANDER GILBERT BARAONA contractually agreed that:

> [i]n the event of dispute, the laws of the State of Texas will apply first with the US District Court for the Southern District of Texas as the court of venue, and the rules of the IAC shall apply as the secondary controlling authority to the laws of the State of Texas. The signing parties hereby accept such selected jurisdiction as the exclusive venue.

It is significant that DR. ALEXANDER GILBERT BARAONA recognized, stipulated, and agreed that the State of Texas and the laws of the State of Texas were so important in interpreting and resolving conflicts that might arise with respect to the Master Fee & Protection Agreements, that he agreed that the State of Texas and this Honorable Court shall be the "selected jurisdiction as the exclusive venue" for the resolution of all disputes. Likewise, DR. ALEXANDER GILBERT BARAONA thereby agreed and stipulated to the necessary prerequisites to confer jurisdiction and venue in this Honorable Court for the resolution of all disputes with respect to the Master Fee & Protection Agreements, and all other disputes with respect to transactions involving the Plaintiff, STEPHEN M. HARRIS and other interested parties.

Further, DR. ALEXANDER GILBERT BARAONA had other substantial contacts with Houston, Texas, with respect to the performance of the oral and/or written contracts and transactions made the basis of this lawsuit. The Plaintiff, STEPHEN M. HARRIS, is a resident of and conducts business in Houston, Harris County, Texas. Further, one of the "Sellers," Mr. Farid Seif, resides in and conducts business in Houston, Harris County, Texas.

Mr. Farid Seif and Mr. Stephen M. Harris were the "Seller" and "Beneficiary" on the "Seller" side of the investment transactions and written contracts which the Defendant, DR. ALEXANDER GILBERT BARAONA, was obligated to perform under the terms and conditions of those oral and written contracts. Therefore, Defendant, DR. ALEXANDER GILBERT BARAONA, was required to render substantial performance of the written contracts, together with other oral contracts which

2

he made to Mr. Farid Seif and Mr. Stephen M. Harris that were to be performed, in whole or in part, in Houston, Harris County, Texas.

Defendant, DR. ALEXANDER GILBERT BARAONA purposely availed himself of the privilege of conducting business activities within the State of Texas with the Plaintiff, thus invoking the benefits and protections of the laws and statutes of the State of Texas. DR. ALEXANDER GILBERT BARAONA purposely directed his activities toward the State of Texas in connection with the oral and written contracts made the basis of this lawsuit. In entering into the transactions made the basis of this lawsuit, DR. ALEXANDER GILBERT BARAONA's acts were voluntary and substantial, as those terms are defined and applied under the laws and statutes of the State of Texas, and the acts and omissions on the part of DR. ALEXANDER GILBERT BARAONA were neither remote nor immaterial. "But for" DR. ALEXANDER GILBERT BARAONA's voluntary actions in connection with the transactions, the oral and written contracts with the Plaintiff, including the aforementioned Master Fee & Protection Agreements, the causes of action made the basis of this lawsuit, as set forth in this Original Complaint, would not have arisen.

Therefore, DR. ALEXANDER GILBERT BARAONA has substantial contacts with the State of Texas in connection with the contracts and transactions made the basis of this lawsuit; DR. ALEXANDER GILBERT BARAONA reasonably could anticipate being hailed into the Courts of the State of Texas, and in particular, the U.S. District Court for the Southern District of Texas – this Honorable Court. Further, DR. ALEXANDER GILBERT BARAONA purposely established the contacts in connection with the transactions made the basis of this suit and the oral and written contracts with the Plaintiffs, taking into consideration negotiations which they entered into, the contemplated future consequences of the transactions and contractual agreements to which they

3

agreed, the terms of the oral and written contracts they entered into, and the actual course of dealing which DR. ALEXANDER GILBERT BARAONA performed, or should have performed, in connection with the negotiation and anticipated performance of the transactions and written contracts they entered into with the Plaintiff in this case. Furthermore, DR. ALEXANDER GILBERT BARAONA could reasonably anticipate that the consequences arising from a dispute with respect to these contracts, including the Master Fee & Protection Agreements, would be resolved in the State of Texas, particularly in the U.S. District Court in the Southern District of Texas – a jurisdiction and venue to which Defendant DR. ALEXANDER GILBERT BARAONA stipulated and agreed.

In other words, Defendant, DR. ALEXANDER GILBERT BARAONA, voluntarily and purposely contracted "by mail or otherwise with a Texas resident [wherein] either party is to perform the contract in whole or in part in this State;" and DR. ALEXANDER GILBERT BARAONA committed "a tort in whole or in part in this State," as set forth in detail within this Original Complaint. Pursuant to Sec. 17.044(b), C.P.R.C., Substituted Service on the Secretary of State, "The Secretary of State is an agent for the service of process on a non-resident who engages in business in this State, but does not maintain a regular place of business in this State or a designated agent for the service of process, in any proceeding that arises out of the business done in this State and to which the non-resident is a party." Therefore, pursuant to Sec. 17.045, C.P.R.C., the Secretary of State shall be served with duplicate copies of this Original Complaint and citation and service of process for DR. ALEXANDER GILBERT BARAONA, and upon service of same upon the Secretary of State of the State of Texas, the Secretary of State shall immediately mail a copy of

4

the Original Complaint and process to Defendant, DR. ALEXANDER GILBERT BARAONA, at

his residence and principal place of business, by registered mail, to:

> DR. ALEXANDER GILBERT BARAONA
> 599 West Viento St.
> Mountain House, CA 95391

For further service of process, if such be necessary, under Rule 4 of the Federal Rules of Civil

Procedure, Defendant DR. ALEXANDER GILBERT BARAONA may be served with this Plaintiff's

Original Complaint by serving him at 599 West Viento St., Mountain House, CA 95391.

## II.
### JURISDICTION AND VENUE

3.      Jurisdiction is proper pursuant to 28 U.S.C. §1332, since there is a diversity of citizenship

between the Plaintiff and the Defendants, and the amount in controversy exceeds the minimal

$75,000 jurisdictional requirements of this Court. Further, this Court has personal jurisdiction over

the Defendant under the facts and circumstances of this case, and particularly the facts as set forth

with respect to the Defendant in paragraph 2 hereinabove – all such factual allegations being

specifically incorporated into this numbered paragraph, as if set forth herein verbatim. Furthermore,

this Court's personal jurisdiction over the Defendant also constitutes "specific" jurisdiction, as that

term is defined and applied by United States courts. The causes of action alleged herein against the

Defendant relate to or arise out of the Defendant's contacts with the State of Texas, and/or where

the Defendant initiated and authorized the contacts with the State of Texas through its agents,

assigns, alter egos, and/or vice-principals; therefore, the voluntary and intentional acts of the

Defendant and his authorized agents, assigns, alter egos, and/or vice principals, invoke personal

jurisdiction, and more particularly, specific jurisdiction, as to the Defendant in this Court. Further,

as set forth in paragraph 2, the Defendant voluntarily consented to personal jurisdiction and venue

in this Honorable Court when the Defendant voluntarily agreed that:

> [i]n the event of dispute, the laws of the State of Texas will apply first with the US District Court for the Southern District of Texas as the court of venue, and the rules of the IAC shall apply as the secondary controlling authority to the laws of the State of Texas. The signing parties hereby accept such selected jurisdiction as the exclusive venue.

By voluntarily agreeing to and executing the contracts with such a "forum selection clause," the Defendant has consented to personal jurisdiction in this Honorable Court and/or waived any other requirements pertaining to this Honorable Court having personal jurisdiction over him. Pursuant to the laws and statutes of the State of Texas and pursuant to the laws and statutes of the United States, the above-quoted forum selection clause with respect to jurisdiction and venue binds foreign, non-resident defendants, such as the Defendant in this cause, as set forth in this Original Complaint. The "forum selection clause" quoted above has been held to be *prima facie* valid and presumed to be enforceable pursuant to the laws and statutes of the State of Texas and consistent case authority of the Fifth Circuit, and the United States Supreme Court. As noted by the Fifth Circuit in *Haynsworth v. Corporation*, 121 F3d 956, 963 (5th Cir. 1997), the Fifth Circuit has enforced every forum selection clause in an international contract that has come before it since the United States Supreme Court handed down *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972). Accordingly, jurisdiction and venue is proper in this Honorable Court in the Southern District of Texas for all of the reasons set forth above, including but not limited to the "forum selection clause" set forth above, the business and residence of Farid Seif in Houston, Texas, the business and residence of Plaintiff, STEPHEN M. HARRIS, in Houston, Texas, and that the negotiation and substantial performance of the oral and/or written contracts with the Plaintiff, STEPHEN M. HARRIS and with Mr. Farid Seif occurred, and were to occur, in Houston, Texas.

6

## III.
## BACKGROUND FACTS COMMON TO ALL COUNTS

4.      When this case is tried, the evidence will show that in February of 2011, Mr. Farid Seif and

Premier Securities and Trust of Switzerland, AG, as "Sellers," and DR. ALEXANDER GILBERT

BARAONA, as "Buyer," entered into a "Sales and Purchase Contract for Mexican Bonds." This

contract bore a unique Document Serial Number, which for confidentiality reasons is not set forth

in this pleading.  Under Article 1, the parties to the contract are listed as the "Sellers," being Mr.

Farid Seif, as Trust Legal Agent, and Premier Securities and Trust of Switzerland, AG.  Included

among the "Buyers" is the Defendant, DR. ALEXANDER GILBERT BARAONA. The "Objective

and Purpose of the Contract" was for the "Sale of the Bonds from the Seller and for the Purchase of

the Bonds by the Buyers."  The parties agreed to sell/buy a total of three bonds for delivery through

the Swiss fiduciary.  The agreed-to purchase price was "One Billion ($1,000,000,000.00) US Dollars

payout in CASH for each bond for a total payment to Seller of Three Billion ($3,000,000,000.00)

US Dollars."  Pursuant to the terms of this Contract, the Sellers accepted the sales price for the three

bonds for the amount quoted above and the Defendant Buyer, DR. ALEXANDER GILBERT

BARAONA, accepted the purchase price that he must pay for the three bonds, as quoted above.

Pursuant to Article 10 of said contract: "THIS PRESENT SALES AND PURCHASE CONTRACT

BECOMES VALID ONLY AFTER ITS EXECUTION BY THE PARTIES ON THIS 23RD DAY

OF FEBRUARY 2011."  Mr. Farid Seif and Premier Securities and Trust of Switzerland AG signed

and executed this contract on February 23, 2011, and DR. ALEXANDER GILBERT BARAONA

signed and executed this same contract on February 28, 2011.  On March 8, 2011, Mr. Farid Seif,

Premier Securities and Trust of Switzerland AG and DR. ALEXANDER GILBERT BARAONA

signed Addendum 1, extending this contract between them until Friday, March 11, 2011, again

verifying and affirming the original terms and conditions of the original contract between them.

5.      Concurrent with the "Sales and Purchase Contract for Mexican Bonds," Defendant, DR. ALEXANDER GILBERT BARAONA, also signed and executed two Master Fee & Protection Agreements in connection with the aforementioned "Sales and Purchase Contract for Mexican Bonds." These two Master Fee & Protection Agreements specifically reference and refer to the unique "Document Serial Number" for the financial transaction involved in the three bonds mentioned earlier in this Original Complaint, and for purposes of confidentiality, that unique Document Serial Number is again not listed in this pleading. These two Master Fee & Protection Agreements further indicate that the contractual terms and monetary consideration with respect to these two Master Fee & Protection Agreements are specifically in regard to the "Sale of Mexican Historical Back Bonds with Rolls and Extensions between Trust Legal Agent MR. FARID SEIF and PREMIER SECURITIES AND TRUST OF SWITZERLAND AG (as Seller) And DR. YOCHANAN DAVID WILLIAMS AND ALEXANDER G. BARAONA (as Buyer)." These two Master Fee & Protection Agreements provided, in pertinent part:

> [i]n the event of dispute, the laws of the State of Texas will apply first with the US District Court for the Southern District of Texas as the court of venue, and the rules of the IAC shall apply as the secondary controlling authority to the laws of the State of Texas. The signing parties hereby accept such selected jurisdiction as the exclusive venue.

6.      The Master Fee & Protection Agreements were signed and executed by the Defendant, DR. ALEXANDER G. BARAONA, as the "Buyer." In these contracts, the Defendant, DR. ALEXANDER G. BARAONA, as "Buyer," agreed that:

> We, the Buyer, agree that the terms of Purchase & Sale of the Bonds shall be as per Contract between Trust Legal Agent, MR. FARID SEIF and PREMIER SECURITIES & TRUST OF SWITZERLAND AG (As Seller) and DR. YOCHANAN DAVID WILLIAMS and ALEXANDER G.

BARAONA (As Buyer).  Beneficiary named below under Seller side beneficiary and Buyer side beneficiary are acting strictly as our <u>Agents and/or Mandates</u> shall have no liability whatsoever towards the Seller and/or Buyer (and their respective Agents or intermediaries) on account of default under the contract by Seller and/or Buyer.

* * *

We, the undersigned, being Buyer [DR. ALEXANDER GILBERT BARAONA] or the Buyer's named legally authorized representative as stated within the signed and legally binding main transaction, contract unconditionally agree and undertake to approve and originate all payments in USD currency to all beneficiaries named below as their rightful and payable commissions.  This agreement also acts as a record confirming the commission amounts for each named beneficiary as set forth below:

**TOTAL COMMISSION SHALL BE PAID BY THE BUYER AS FOLLOWS:**
The amount of 10% of Sales Price delivered should be settled as herein stated to be transferred into the account as follows:

- Seller side: 5% (CLOSED)
- Buyer side: 5% to be split evenly amongst consultants on Genealogy

7.     Under the terms of these two Master Fee & Protection Agreements, Defendant DR. ALEXANDER GILBERT BARAONA is specifically set forth, delineated and listed as one of the "Buyers," and the Plaintiff, STEPHEN M. HARRIS, is specifically listed, delineated and set forth as the "Seller Side Beneficiary to be paid by Buyer the amount of 5% per bond in $USD on each and every bond."

8.     The Defendant, DR. ALEXANDER GILBERT BARAONA, has defaulted and breached the conditions and terms of the Sales and Purchase Contract For Mexican Bonds and the terms and conditions of the Master Fee Protection Agreements, for which this cause is brought in this Honorable Court, per the terms of the contracts between the parties.

9

## CAUSES OF ACTION

### IV.
### Count One
### BREACH OF CONTRACT AND/OR REPUDIATION

9.      Plaintiff incorporates under Count One, paragraphs 2 through 8, as hereinabove alleged.

10.     The conduct of Defendant DR. ALEXANDER GILBERT BARAONA constitutes a breach

of contract, as that term is defined under the laws and statutes of the State of Texas.  The Plaintiff

fully complied with the duties and responsibilities that were entrusted to him, including but not

limited to the duties and responsibilities set forth in the two Master Fee & Protection Agreements,

thus entitling the Plaintiff to the beneficiary fees and other money to which he is entitled under the

oral and written contracts set forth in this Original Complaint.  When this case is tried, the evidence

will also show that the intentional and willful acts and omissions of the Defendant, in breaching the

oral and written contracts set forth in this Original Complaint, also were of such a character as to

constitute a "repudiation" of those contracts, as the term "repudiation" is defined and applied under

the laws and statutes of the State of Texas – such that the Plaintiff is entitled to recover all actual and

consequential damages to which he is entitled, as those damages are defined and applied under the

laws and statutes of the State of Texas.  Therefore, Plaintiff STEPHEN M. HARRIS brings suit for

all monies to which he is entitled under the terms of the written contracts made the basis of this suit,

including but not limited to the two Master Fee & Protection Agreements, including but not limited

to the Plaintiff recovering the amount of 5% of the agreed-to price for the three bonds, totaling three

billion dollars, for a total beneficiary fee of $150,000,000 – the amount which the Defendant, DR.

ALEXANDER GILBERT BARAONA, specifically agreed to pay to the Plaintiff pursuant to the

Master Fee & Protection Agreements, and for such other and further relief to which he is entitled,

in law and in equity, on account of the Defendant's breach and/or repudiation.

11.     The Plaintiff satisfied and performed all conditions precedent with respect to his duties and responsibilities in connection with the contemplated financial transactions, and in accordance with the terms and conditions of the Master Fee & Protection Agreements, as the term "conditions precedent" is defined and applied under the laws and statutes of the State of Texas.  Furthermore, the Plaintiff totally performed and/or substantially performed all of his duties and responsibilities with respect to the financial transactions contemplated by the written contracts, including the Master Fee & Protection Agreements, as the term "substantially performed" is defined and applied under the laws and statutes of the State of Texas.

12.     The Defendant breached oral and written contracts with the Plaintiff, as set forth in detail in this Original Complaint. Therefore, pursuant to Section 38.001 of Texas' Civil Practice & Remedies Code (CPRC), titled "Recovery of Attorney's Fees," the Plaintiffs are entitled to recover reasonable attorney's fees, over and above, and in addition to, the actual and consequential damages that have been suffered by the Plaintiff, as documented in detail in this Original Complaint, to which reference is made for all purposes. The Plaintiff has entered into a contract with the undersigned attorney, which sets forth the manner in which the Plaintiff is to pay its attorneys. Therefore, in addition to their actual and consequential damages, as set forth in this Original Complaint, the Plaintiff also specifically seeks the recovery of reasonable attorney's fees pursuant to the terms of his contract with his attorneys in the prosecution of this case, and in accordance with the sum of money that is awarded to him by the Jury based on the evidence in this case and the factors to be taken into consideration in determining reasonable attorney's fees as set forth by the laws and statutes of the State of Texas, including Court decisions by Texas appellate courts with respect to the manner of

11

determining the calculation and award of reasonable attorney's fees under Section 38.001, CPRC.

## V.
## Count Two
## QUANTUM MERUIT

13.    Plaintiff incorporates under Count Two paragraphs 5 through 12, as hereinabove alleged.

14.    Pleading in the alternative, in the unlikely event that the Defendant contends that no written or oral contracts existed between himself and the Plaintiff, and that therefore the Plaintiff is not entitled to his damages flowing from the Defendant's alleged breach of contract and/or repudiation of any contracts, then the Plaintiff would also seek recovery under the doctrine of "quantum meruit," as that term has been defined and applied under the laws and statutes of the State of Texas. As set forth in this Original Complaint, the Plaintiff has substantially performed the duties and responsibilities that he was called upon to perform in connection with the Defendant's financial transactions and investment activities as set forth in this Original Complaint. When this case is tried, the evidence will show that the Plaintiff has performed very valuable services in connection with the financial transactions upon which the Defendant has breached and/or defaulted. When this case is tried, the evidence will also show that the reasonable value of all of the services that the Plaintiff has provided to the Defendant, as described in detail in this Original Complaint, and as is set forth in the Master Fee & Protection Agreements, is worth substantially more, in terms of monetary consideration, than even the beneficiary fees for which he seeks recovery, and which have been described in detail in the preceding paragraphs of this Original Complaint.

15.    The Defendant has breached his duties and responsibilities in failing to pay any money for the services rendered by the Plaintiff. The Plaintiff is entitled to be paid the reasonable value for the services he rendered to the Defendant, under the doctrine known as "quantum meruit," as that term

12

is defined and applied under the laws and statutes of the State of Texas.  Therefore, the Plaintiff

seeks recovery against the Defendant for the reasonable value of all of the services he has performed

for the Defendant, and for such other and further relief to which he is entitled, in law and in equity,

under the facts and circumstances of this case.

**VI.**
**Count Three**
**COMMON LAW FRAUD**

16      Plaintiff incorporates under Count Three paragraphs 5 through 15, as hereinabove alleged.

17.     The Sales and Purchase Contract for Mexican Bonds and the Master Fee & Protection

Agreements, together with many oral statements made by the Defendant in th course of the financial

transactions made the basis of this lawsuit, contain numerous representations, statements of fact,

assurances, and promises by the Defendant that were material, and upon which the Plaintiff relied.

In addition to the written contracts, written financial documents referred to in this Original

Complaint, and the other financial documents that will be introduced at the time of the trial of this

case, the Defendant also made a number of oral representations with respect to his performance

and/or intended performance of the written contracts to which reference is made in this Original

Complaint.  The Plaintiff relied upon both the written material representations made by the

Defendant and the oral representations made by the Defendant.  He relied upon those material

written and oral representations by fully performing the duties and responsibilities he had with

respect to the financial transactions made the basis of this suit.  The Plaintiff relied upon these

material representations by the Defendant to his detriment in that the Plaintiff has not been paid the

beneficiary fees to which he is entitled pursuant to the express written terms of the written contracts,

including but not limited to the Master Fee & Protection Agreements, together with the other

13

material representations which the Defendant signed, executed and agreed to, as set forth in this Original Complaint, and as set forth in the various investment documents that the Defendant executed which will be entered into evidence when this case is tried. Therefore, the Plaintiff relied to his detriment on the written and oral representations made by the Defendant, as the term "relied to his detriment" is defined and applied under the laws and statutes of the State of Texas.

18.     If discovery in this case reveals, or if the evidence introduced at the trial of this case reveals, that t the time the Defendant made the oral and written representations, and signed the contracts and investment documents containing material representations – all of which the Plaintiff reasonably relied upon – were false, then Defendant DR. ALEXANDER GILBERT BARAONA committed common law fraud, as that term is defined and applied under the laws and statutes of the State of Texas.

19.     The Plaintiff justifiably relied upon the oral and written representations of the Defendant. The Plaintiff relief upon the oral and written representations of the Defendant to his detriment, in that he has not been paid the money to which he is entitled if the oral and written representations of the Defendant had been true, and the Defendant had fulfilled his duties and responsibilities with respect to the investment contracts and the documents, as particularly set forth and described in this Original Complaint. Accordingly, if it is found that the Defendant is liable to the Plaintiff for common law fraud, then the Plaintiff seeks recovery for all of his damages with respect to all of the monies and fees to which he is entitled if the representations had not been false, and if the Plaintiff was paid all of the money to which he is entitled pursuant to the investments that the Defendant could have entered into.

20.     If it is determined that the Defendant committed common law fraud, then the evidence will

14

show upon a trial of this case that such common law fraud was committed wilfully and intentionally, as those terms are defined and applied under the laws and statutes of the State of Texas – thus entitling the Plaintiff to the recovery of punitive/exemplary damages in an amount to be set within the sound discretion of the Jury upon a trial of this case, and for which the Plaintiff seeks recovery in this case, should common law fraud be determined by the Jury.

## VII.
### Count Four
### NEGLIGENT MISREPRESENTATION

21      Plaintiff incorporates under Count Four paragraphs 2 through 20, as hereinabove alleged.

22.     Pleading in the alternative, to the extent that the written representations and oral representations of Defendant DR. ALEXANDER GILBERT BARAONA, as set forth in this Original Complaint, including but not limited to, the preceding section on Common Law Fraud, were not made intentionally, with an intent to commit common law fraud, then such written representations and oral representations by the Defendant DR. ALEXANDER GILBERT BARAONA constituted negligent misrepresentations, as that term is defined and applied under the laws and statutes of the State of Texas.  The afore-described written and oral representations by the Defendant DR. ALEXANDER GILBERT BARAONA were relied upon to the detriment of the Plaintiff, and those negligent written and oral misrepresentations, as described previously, were a proximate or legal cause of the Plaintiff's damages for which this suit is brought.  Those damages include all of the moneys to which the Plaintiff is entitled, as described in this Original Complaint, including but not limited to the fees to which he is entitled as a beneficiary, as well as all other money to which he is entitled, at law and in equity, under the facts and circumstances of this case.

## VIII.
### Count Five
### MALICE

23    Plaintiff incorporates under Count Five paragraphs 2 through 22, as hereinabove alleged.

24.    This Original Complaint contains many acts and omissions on the part of the Defendant ALEXANDER GILBERT BARAONA, which the evidence may show, during discovery and/or during trial, that the Defendant committed wilfully, intentionally, and/or with malice, as "malice" is defined and applied under the laws and statutes of the State of Texas.  Should the jury determine that the Defendant committed acts with "malice," then Plaintiff will respectfully request the jury to assess punitive/exemplary damages against the Defendant in a sum to be determined within the sole discretion of the jury.

### JURY DEMAND

25.    Plaintiff respectfully requests a trial by jury, to which he is entitled under the laws of the United States and the laws and statutes of the State of Texas.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein, and that upon final trial, that Plaintiff recover judgment from the Defendant for his actual damages, special damages, consequential damages, reasonable attorney's fees, exemplary and punitive damages, prejudgment and post-judgment interest at the legal rate, costs of court, costs of litigation, including the expenses of experts, and such further relief, both general and special, at law and in equity, to which he is entitled under the facts and circumstances.

16

Respectfully submitted,

**THE LEWIS LAW FIRM**

Craig Lewis
State Bar No. 12283500
Federal I.D. No. 3452
clewisfirm@aol.com
John J. Brothers
State Bar No. 24064955
johnb@LLF7.com
2905 Sackett Street
Houston, Texas 77098
Ph:      713-238-7715
Fax:    713-238-7888

**ATTORNEYS FOR PLAINTIFF**